# IN THE SUPREME COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, GREAT LAKES INSURANCE SE, XL INSURANCE AMERICA, INC., GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ASPEN INSURANCE UK LIMITED, NAVIGATORS MANAGEMENT COMPANY, INC., IRONSHORE SPECIALTY INSURANCE COMPANY, VALIDUS SPECIALTY UNDERWRITING SERVICES, INC., and HDI-GERLING AMERICA INSURANCE COMPANY, | § § § § § § § § § § § § § § § § § § § § § § § | Nos. 393, 2019<br><br>Court Below—Superior Court of the State of Delaware<br><br>C.A. No. N19C-04-089 |
| Plaintiff Below, Appellants, | § § § | |
| v. | § § § | |
| AXIALL CORPORATION and WESTLAKE CHEMICAL CORPORATION, | § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: September 12, 2019
Decided: October 1, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**ORDER**

Upon consideration of the notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1) The plaintiffs below-appellants National Union Fire Insurance Company of Pittsburgh, Pa., Allianz Global Risks US Insurance Company, ACE American Insurance Company, Zurich American Insurance Company, Great Lakes Insurance SE, XL Insurance America, Inc., General Security Indemnity Company of Arizona, Aspen Insurance UK Limited, Navigators Management Company, Inc., Ironshore Specialty Insurance Company, Validus Specialty Underwriting Services, Inc., and HDI-Gerling America Insurance Company (collectively, the "Insurers") have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from the Superior Court's order granting the motion to stay for *forum non conveniens* filed by the defendants below-appellees Axiall Corporation and Westlake Chemical Corporation (collectively, the "Insureds").

(2) This appeal arises from an insurance-coverage dispute. Following the release of liquefied and vaporized chlorine from a cracked tank at a plant located in West Virginia, the Insureds notified the Insurers of a loss under the policies. On January 18, 2018, the Insurers issued a reservation-of-rights letter to the Insureds. On April 8, 2019, the Insurers informed the Insureds that they denied coverage and

2

that they had initiated declaratory judgment proceedings in the Superior Court. On April 9, 2019, the Insurers filed a declaratory judgment complaint against the Insureds in the Superior Court. On April 10, 2019, the Insureds filed a complaint against the Insurers in the Circuit Court of Marshall County, West Virginia.

(3) In the Delaware litigation, the parties briefed the Insureds' motion to dismiss or stay for *forum non conveniens*. On August 1, 2019, the Superior Court held a hearing on the motion. At the conclusion of the hearing, the Superior Court denied the motion to dismiss, but granted the motion to stay pending the final resolution of the West Virginia litigation. The Superior Court found that the Delaware and West Virginia cases were filed contemporaneously and that the *Cryo-Maid* factors supported a stay of the Delaware litigation in favor of the West Virginia litigation. The Superior Court also found that the Insureds had not shown that it would be an overwhelming hardship to litigate in Delaware, so dismissal of the Delaware litigation was not appropriate. On August 12, 2019, the Superior Court entered an order incorporating the August 1, 2019 ruling.

(4) On August 22, 2019, the Insurers filed an application for certification of an interlocutory appeal. Based on this Court's past interlocutory review of trial court rulings resolving forum disputes, the Insurers argued that the Superior Court's decision determined a substantial issue of material importance. As to the Rule 42(b)(iii) criteria, the Insurers argued that the Superior Court's decision conflicted

3

with other trial court decisions requiring a party seeking a stay to show overwhelming hardship when a stay would have the same effect as dismissal.

(5) The Insureds opposed the application for certification. They argued that the Superior Court decision did not determine a substantial issue of material importance, the Insurers failed to identify any exceptional circumstances to justify interlocutory review of a ruling on a motion to stay, and the stay did not have the same effect as dismissal.

(6) On September 11, 2019, the Superior Court denied the application for certification.[1] The Superior Court found that the Insurers had not identified exceptional circumstances supporting interlocutory review,[2] and concluded that, even if its decision did determine a substantial issue of material importance meriting interlocutory review, the decision did not conflict with other trial court decisions on the same issue of law.[3] The Superior Court also found that certification would not promote judicial efficiencies because the West Virginia litigation would proceed regardless of the result of an interlocutory appeal, leading to the possibility of two parallel actions with duplicate filings and potentially inconsistent rulings.[4] The Superior Court concluded that the likely benefits of interlocutory review did not

---

[1] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Axiall Corp.*, 2019 WL 4303388 (Del. Super. Ct. Sept. 11, 2019).
[2] *Id.* at *4.
[3] *Id.*
[4] *Id.*

4

outweigh the probable costs, such that interlocutory review was in the interest of justice.[5]

(7)    Applications for interlocutory review are addressed to the sound discretion of the Court.[6]  In the exercise of our discretion and giving great weight to the Superior Court's denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  The case is not exceptional,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Id.*
[6] Supr. Ct. R. 42(d)(v).
[7] Supr. Ct. R. 42(b)(ii).
[8] Supr. Ct. R. 42(b)(iii).